**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ASHABEN PATEL,** | |
| Plaintiffs, | |
| v. | Civil Action No. 7:22-CV-146 (HL) |
| **ALEJANDRO          MAYORKAS, Secretary   of   Department   of Homeland Security, et al.**, | |
| Defendants. | |

**ORDER**

Plaintiff Ashaben Patel, a native and citizen of India, filed this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., challenging the United States Citizenship and Immigration Services' ("USCIS") denial of her I-601 Application for Waiver of Grounds of Admissibility and her I-485 Application to Register Permanent Resident or Adjust Status. Now before the Court is a Motion to Dismiss filed by Defendants, by and through the United States Attorney for the Middle District of Georgia. (Doc. 3). Defendants request the Court dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Alternatively, Defendants move the Court to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

Having considered the motions, pleadings, and applicable law, the Court concludes that the Immigration and Nationality Act ("INA") expressly precludes judicial review of USCIS's decisions in this case. The Court accordingly **GRANTS** Defendants' motion to dismiss for lack of jurisdiction.

## I.   BACKGROUND

### A.   Statutory Framework

Under 8 U.S.C. § 1255, the Department of Homeland Security ("DHS") may permit a non-citizen to adjust her status to lawful permanent resident:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by [USCIS], in [its] discretion and under such regulations as [it] may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United Sates for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1225(a). A non-citizen seeking to apply for adjustment of status must file a Form I-485, Application to Register Permanent Residence or Adjust Status. 8 C.F.R. § 245.2(a)(3)(ii). "USCIS has jurisdiction to adjudicate an [I-485] application for adjustment of status." 8 C.F.R. § 245.2(a)(1). The decision to grant an I-485 and to adjust a non-citizen's status to lawful permanent resident lies within the discretion of USCIS. 8 U.S.C. § 1255(a).

To be entitled to adjustment of status, a non-citizen must be "admissible to the United States for permanent residence." 8 U.S.C. § 1255(a)(2). The INA

includes numerous grounds for inadmissibility, or inadmissibility bars. 8 U.S.C. § 1182. Among those barred as inadmissible is "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter." 8 U.S.C. § 1182(a)(6)(C)(i).

USCIS may waive the § 1182(a)(6)(C)(i) inadmissibility bar for fraud or willful misrepresentation under certain circumstances:

> [USCIS] may . . . waive the [§ 1182(a)(6)(C)(i) inadmissibility bar] in the case of an immigrant who is the spouse, son, or daughter of a United States citizen or of an alien lawfully admitted for permanent residence if it is established to the satisfaction of [USCIS] that the refusal of admission to the United States of such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such an alien[.]

8 U.S.C. § 1182(i)(1).

To apply for an inadmissibility bar waiver, a non-citizen must file a Form I-601, Application for Waiver of Ground of Inadmissibility, with USCIS. 8 C.F.R. § 212.7(a)(1). The decision to waive the § 1182(i)(1) inadmissibility bar pursuant to § 1182(i)(1) is discretionary. 8 U.S.C. § 1182(i)(1). A non-citizen may file an I-601 and an I-485 concurrently. However, if USCIS does not grant the I-601, the non-citizen will remain subject to any inadmissibility bar, which prevents adjustment of status under § 1255(a)(2).

3

### B.    Procedural History

Petitioner Ashaben Patel is a native and citizen of India who resides in Valdosta, Georgia. (Doc. 1, p. 2). On February 23, 1997, Plaintiff attempted to enter the United States using a passport that had been altered to appear like it belonged to her. (Doc. 1-10, p. 1; Doc. 1-15, p. 2). She was arrested, placed in removal proceedings, and removed from the United States to India. (Doc. 1-10, p. 1; Doc. 1-15, p. 2). Plaintiff re-entered the United States on September 14, 2001, using a fraudulently obtained H-4 visa and a passport with an altered photograph. (Doc. 1-23, p. 1; Doc. 1-28, p. 3). Having acquired admission into the United States through fraud or willful misrepresentation, Plaintiff became inadmissible under § 1182(a)(6)(C)(i). (Doc. 1-9, p. 1).

On March 16, 2017, more than fifteen years after Plaintiff entered the United States, her United States citizen spouse filed a Form I-130, Petition for Alien Relative, on Plaintiff's behalf. (Doc.1, p. 3; Doc. 1-11, p. 1). That same date, Plaintiff filed two additional applications: (1) an I-601 seeking waiver of her § 1182(a)(6)(C)(i) inadmissibility bar pursuant to § 1182(i)(1); and (2) an I-485 seeking adjustment of status as the beneficiary of an approved immigrant visa petition pursuant to § 1255(a). (Doc. 1, p. 3; Doc. 1-7, p. 1; Doc. 1-8, p. 1).

Plaintiff attended an interview in connection with her applications on April 3, 2018. (Doc. 1-9, p. 1). USCIS approved Plaintiff's spouse's I-130 petition on July 10, 2018. (Doc. 1, p. 3; Doc. 1-11, p. 1). However, on July 11, 2018, USCIS

denied Plaintiff's I-601 because she failed to demonstrate that her qualifying relative would suffer extreme hardship pursuant to § 1182(i). (Doc. 1, p. 3; Doc. 1-10, p. 2). USIC denied Plaintiff's I-485 that same date, finding her inadmissible under § 1182(a)(6)(C)(i) because she used a fraudulent visa to enter the United States in 2001. (Doc. 1, p. 3; Doc. 1-9, p. 1-2).

Plaintiff filed a second I-485 on or about August 22, 2018, and a second I-601 on or about June 27, 2019. (Doc. 1, p. 3; Doc. 1-12, p. 1; Doc. 1-14, p. 1). Plaintiff appeared for an interview in connection with these applications on July 19, 2019. (Doc. 1, p. 3; Doc. 1-13, p. 1). USCIS issued a Request for Evidence ("RFE") in relation to Plaintiff's I-601 on July 25, 2019, asking Plaintiff to submit additional documentation in support of her claim of extreme hardship to her qualifying family member. (Doc. 1-15, p. 2). Plaintiff responded to the RFE on September 30, 2019. (Id.). USCIS denied Plaintiff's second I-601 on October 15, 2019, finding that Plaintiff failed to demonstrate that her qualifying relative would suffer extreme hardship as required for a waiver of inadmissibility. (Doc. 1, p. 3; Doc. 1-15, p. 2-6). USCIS denied Plaintiff's I-485 that same date based on the unwaived inadmissibility ground pursuant to § 1182(a)(6)(C)(i). (Doc. 1, p. 3; Doc. 1-16, p. 1-2).

On November 12, 2019, Plaintiff filed two Form I-290Bs, Notice of Appeal or Motion, seeking reconsideration of USCIS's decision to deny her second I-485 and I-601. (Doc. 1, p. 3; Doc. 1-17, p. 1). USCIS dismissed both I-290Bs on

March 27, 2020, as Plaintiff failed to state any new facts and provided no new information that could not have been discovered during the earlier proceedings. (Doc. 1, p. 3; Doc. 1-16, p. 1-2).

Plaintiff filed her third I-485 and I-601 applications on December 2, 2019. (Doc. 1, p. 3; Doc. 1-19, p. 1; Doc. 1-20, p.1). Plaintiff appeared for another interview on October 21, 2020. (Doc. 1, p. 3; Doc. 1-21, p. 1-2). USCIS denied Plaintiff's third I-601 on March 10, 2021, finding again that she had not demonstrated extreme hardship to her qualifying relative. (Doc. 1, p. 3; Doc. 1-23, p. 1-7). USCIS further noted that the evidence Plaintiff submitted in support of her third I-601 did not substantially differ from the evidence she provided with her second application. (Doc. 1-23, p. 2). USCIS also denied Plaintiff's third I-485. (Doc. 1, p. 3; Doc. 1-22, p. 1-2). On May 4, 2021, Plaintiff filed I-290Bs seeking reconsideration of the denial of her third I-601 and third I-485. (Doc. 1, p. 4; Doc. 1-24, p. 1). USCIS subsequently denied Plaintiff's requests for reconsideration.

Plaintiff filed her fourth I-485 on May 4, 2021. (Doc. 1, p. 4; Doc. 1-25, p. 1). She filed her fourth I-601 on April 12, 2022. (Doc. 1, p. 4; Doc. 1-27, p. 1). Plaintiff was interviewed for these applications on April 29, 2022. (Doc. 1, p. 4; Doc. 1-26, p. 1-2). USCIS denied Plaintiff's fourth I-601 on November 17, 2022, once more finding Plaintiff failed to demonstrate that her qualifying relative would suffer extreme hardship. (Doc. 1, p. 4; Doc. 1-28, p. 1-7). USCIS denied Plaintiff's fourth I-485 on December 7, 2022. (Doc. 1, p. 4; Doc. 1-29, p. 1-3).

Plaintiff filed her Complaint in this Court on December 16, 2022. (Doc. 1). Plaintiff claims USCIS's denial of her I-601 and I-485 applications was arbitrary and capricious and not in accordance with the procedures established by law. She asks the Court to set aside those decisions.

## II.   STANDARD OF REVIEW

District courts are constitutionally obligated to dismiss any action if the plaintiff fails adequately to establish subject matter jurisdiction. See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013). "A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either a facial or a factual attack." Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. at 1232-33 (internal quotations and citation omitted). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." Id. at 1233. Defendants here have not introduced materials extrinsic to the pleadings. The Court accordingly looks only to the Complaint to determine whether Plaintiff has established subject matter jurisdiction.

7

III.    **DISCUSSION**

Plaintiff argues that the Court has subject matter jurisdiction to review USCIS's denial of her I-601 and I-485 applications for abuse of discretion pursuant to the APA. The APA provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency decision. The reviewing court shall – (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. . . .

5 U.S.C. § 706.

But, as noted by Defendants, the APA "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." Califano v. Sanders, 430 U.S. 99, 107 (1977). Rather, nothing in the APA "(1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit express or impliedly forbids the relief which is sought" 5 U.S.C. § 702. The APA specifically states that the APA does not apply in two circumstances applicable in this case: (1) where "statutes preclude judicial review; or (2) [where] agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). The Eleventh Circuit has explained in the context of the APA

8

that if "a statute precludes judicial review, federal courts lack subject matter jurisdiction." Brasil v. Sec'y Dep't of Homeland Sec., 28 F.4th 1189, 1192 (11th Cir. 2022) (citation omitted).

Defendants identify two statues that prevent judicial review and deprive the Court of subject matter jurisdiction in this case: (1) 8 U.S.C. § 1252(a)(2)(B); and (2) 8 U.S.C. § 1182(i).[1] Plaintiff offers no argument to the contrary.

Section 1252(a)(2)(B) precludes judicial review of USCIS's denial of both Plaintiff's I-601 and I-485. This statute, commonly referred to as the "jurisdictional bar," provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of [USCIS] or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of [USCIS] or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).[2]

---

[1] The Court concludes that § 1252(a)(2)(B) strips the Court of subject matter jurisdiction to review USICS's denial of both Plaintiff's I-601 and I-485 applications. Because the Court finds that § 1252(a)(2)(B)'s general jurisdictional bar precludes judicial view of both claims, the Court need not address Defendants' argument that § 1182(i) independently prohibits judicial review of Plaintiff's claim challenging USCIS's denial of her I-601 application seeking waiver of her inadmissibility bar.

9

In <u>Patel v. Garland</u>, 142 S. Ct. 1614, 1621 (2022), the United States Supreme Court held that federal district courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255. The Supreme Court interpreted the word "judgment" as used in § 1252(a)(2)(B)(i) to mean "any judgment regarding the granting of relief under § 1255," which "encompasses any and all decisions relating to the granting or denying of discretionary relief," including "factual findings." <u>Id.</u> at 1622. While the Supreme Court's decision in <u>Patel</u> concerned removal proceedings, the Court noted the likelihood that Congress intended to "close [the] door" on "all review of USCIS denials of discretionary relief." <u>Id.</u> at 1626. The Court stated, "foreclosing judicial review unless and until removal proceedings are initiated would be consistent with Congress' choice to reduce procedural protections in the context of discretionary relief." <u>Id.</u> at 1626-27 (citing <u>Lee v. USCIS</u>, 592 F.3d 612, 620 (4th Cir. 2010)).

---

[2] Section 1252(a)(2)(D) provides a limited exception to the jurisdictional bar: "[n]othing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). The exception does not apply in this case as Plaintiff has not raised a "constitutional claim" or "question of law" nor is she seeking review in an "appropriate court of appeals." Rather, it is evident from Plaintiff's Complaint that she seeks a reweighing of the evidence. <u>See</u> <u>Mutua v. U.S. Att'y Gen.</u>, 22 F.4th 963, 968 (11th Cir. 2022) ("An argument couched as a legal question that essentially challenges the agency's weighing of evidence is a garden-variety abuse of discretion argument that does not state a legal or constitutional claim.") (internal citations omitted).

Since <u>Patel</u>, courts in this circuit and others have determined that § 1252(a)(2)(B) strips courts of jurisdiction to review APA claims concerning discretionary decisions made by USCIS outside the context of removal proceedings. <u>See</u> <u>Britkovvy v. Mayorkas</u>, 60 F.4th 1024 (7th Cir. 2023) (finding the court lacked subject matter jurisdiction to review an APA claim arising out of USCIS's denial of an I-485); <u>Doe v. Sec'y, U.S. Dep't of Homeland Sec.</u>, No. 22-11818, 2023 WL 2564856, at *1 (11th Cir. Mar. 20, 2023) (affirming dismissal for lack of subject matter jurisdiction to review application for adjustment of status under § 1225(m)); <u>Moerio-Garcia v. Jaddou</u>, No. 1:22-cv-04232-VMC, 2023 WL 4550929, at *4 (N.D. Ga. July 14, 2023) (finding the court lacked jurisdiction over APA challenge to denial of adjustment of status under § 1182(h)); <u>Patel v. Mayorkas</u>, No. CV 322-181, 2023 WL 4824928, at *1 (S.D. Ga. July 27, 2023) (finding § 1252(a)(2)(B)(i) precluded judicial review of USCIS denial of application for adjustment of status).

Plaintiff having failed to establish an exception to the jurisdictional stripping statue, the plain language of § 1252(a)(2)(B), the Supreme Court's analysis in <u>Patel</u>, and the guidance of other courts applying <u>Patel</u> clearly preclude judicial review of USCIS's denials of relief under § 1182(i) and § 1255. The Court therefore lacks subject matter jurisdiction over Plaintiff's claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. 3). Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**SO ORDERED** this 31st day of October, 2023.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**


aks